**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KAREN MONTES, individually and on behalf of herself, and all others similarly situated,

Plaintiffs,

vs.

PATH, INC., a Delaware Corporation,

Defendant.

CASE NO. 13cv2218-WQH-JMA

**ORDER**

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 9), and the Motion for Sanctions (ECF No. 12), both filed by Defendant, Path, Inc. ("Path").

## I. Background

On September 16, 2013, Plaintiff Karen Montes initiated this action by filing a Complaint. (ECF No. 1). On November 25, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 9).

### A. Allegations of the First Amended Complaint

"Path is a company that markets over the internet" and "refers to itself as a 'social networking service.'" *Id.* ¶¶ 16-17. Path "markets[s] the 'user profile' of its

subscribers, or users, and the 'friends lists' of its users." *Id.* ¶ 18.

> One way that Path conducts ... marketing is by convincing users to upload to Path, across the Internet, the user's 'address book,' which Path then uses to market to new potential users (the 'friends'). This cycle of marketing continues in a pyramid fashion, as long as each subsequent user continues to provide Path with the personal information of the new user's 'friends.'

*Id.* ¶ 20 (footnote omitted).

> One of the ways that Path attempts to expand this pyramid is by sending bulk SPAM text messages to unsuspecting users through SMS marketing. The information that Path uses to send out these SPAM text messages comes from the 'address books' of its current user base.... Path encourages its current user base to provide Path with an electronically formatted list of people ('friends'), and their telephone numbers, which Path then loads into an 'automatic telephone dialing system,' or 'ATDS'.

*Id.* ¶¶ 22-23 (footnote omitted). This information is stored by Path on a server, and then, at the will of Path, the information "is sent sequentially to Path's ATDS, either randomly or sequentially, and that information [is] used by Path to transmit the unsolicited SPAM text messages to new potential Path users...." *Id.* ¶ 24.

Plaintiff is "one of the 'friends' that Path began marketing to after it received a list of sequential data from Paris Tobin, a then current user, and this list of sequential data included the Plaintiff's cellular telephone number, which Path then used to send the Plaintiff a marketing text SPAM." *Id.* ¶ 26. On June 4, 2013, "Defendant sent an unsolicited text message to Plaintiff's cellular telephone ... [which] read as follows: 'Karen, Paris Tobin wants to share photos with you on Path! https://path.com/i/4s07jK.'" *Id.* ¶¶ 27-28.

> When the Plaintiff went to the address that Path had transmitted to the Plaintiff, she was met with a marketing request to 'Sign up for Path' by 'creat[ing] an account,' and 'accept[ing] Path's Terms of service and Privacy Policy.' This request, if agreed upon to by the person being solicited, also allowed Path to obtain the 'friend's' email address, which could then be used for further marketing.

*Id.* ¶¶ 29-30. "Through the unsolicited SPAM text message, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A)." *Id.* ¶ 37. "Based on representations made

by Defendant to Plaintiff or her counsel, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Id*. ¶ 38. "The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)." *Id*. ¶ 39. " This text message constituted a call that was not for emergency purposes ... [and] Plaintiff did not provide Defendant or its agent prior express consent to receive text messages...." *Id.* ¶¶ 40-41. Plaintiff "believes" that Defendant sent substantially similar text messages to "tens of thousands, if not more" other people. *Id*. ¶ 46.

The First Amended Complaint alleges the following causes of action: (1) Negligent Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.; and (2) Knowing and/or Willful Violation of the TCPA. *Id.* ¶¶ 60-72. Plaintiff asserts her claims on behalf of herself and a putative class of all persons who received a text message substantially similar to the text message received by Plaintiff within four years prior to the filing of the Complaint.

**B. Motion to Dismiss**

On December 12, 2013, Defendant filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11). Defendant contends that "[t]he [First Amended] Complaint should be dismissed for failure to state a claim because it does not allege facts that plausibly show that Path has violated the TCPA through use of an ATDS." *Id.* at 10.

On January 2, 2014, Plaintiff filed a response in opposition to the Motion to Dismiss. (ECF No. 13). Plaintiff contends that "[t]he reasonable inference [from the

allegations of the First Amended Complaint] is that Path used an automated telephone dialing system instead of manually texting each marketing text message to 'tens of thousands' of consumers. Thus, Defendant's argument that the facts as pled are conclusory is ... incorrect." (ECF No. 13 at 18 (quoting First Am. Compl. ¶ 46, ECF No. 9)).

On January 14, 2014, Defendant filed a reply. (ECF No. 15). On February 18, 2014 and February 21, 2014, the parties filed supplemental documents related to the Motion to Dismiss. (ECF Nos. 17-20).

**C. Motion for Sanctions**

On December 27, 2013, Defendant filed a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 12). Defendant contends:

> The allegations that Path sent Plaintiff the Tobin Invitation using equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, violates Rule 11 because they are baseless, were not the product of a reasonable, independent inquiry, and are contrary to the sworn declaration Plaintiff's counsel had in his possession at the time he made them.

(ECF No. 12-1 at 13). Defendant asserts that an engineer employed by Defendant gave Plaintiff's counsel a declaration denying some of the allegations in the First Amended Complaint, including that Defendant possesses an ATDS. Defendant contends that, "[i]n the face of a sworn declaration—refuting the key allegations—Plaintiff's counsel has insisted on proceeding." *Id*. at 6. Defendant contends that Plaintiff's counsel "made no objectively reasonable and independent inquiry to determine whether the serious allegations against Path (and the extraordinary price tag he would attach to them) were well grounded in fact." *Id*. at 16. Defendant requests dismissal of the First Amended Complaint with prejudice and monetary sanctions.

On January 10, 2014, Plaintiff filed an opposition to the Motion for Sanctions. (ECF No. 14). Plaintiff contends that "the Plaintiff is under no obligation to accept the self-serving declaration of the Defendant's employee, who is not trained in the law, as being legally correct under the TCPA." *Id.* at 4-5. Plaintiff contends:

> The Defendant apparently believes that when it is faced with a lawsuit, it need only submit a declaration attesting that it did not violate the law, and if the case is not thereafter dismissed, the court should dismiss the action and the plaintiff's counsel should be sanctioned. However, the defendant has provided no legal support for such a claim.

*Id*. at 5-6.

On January 22, 2014, Defendant filed a reply. (ECF No. 16).

**II. Discussion**

**A. Motion to Dismiss**

**1. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief. Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**2. Telephone Consumer Protection Act**

The TCPA provides: "It shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service...." 47 U.S.C. § 227(b)(1)(A)(iii). "[A] text message is a 'call' within the [meaning of the] TCPA." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity ... to store or produce telephone numbers to be called, using a random or sequential number generator [and] to dial such numbers." 47 U.S.C. § 227(a)(1). An ATDS "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield*, 569 F.3d at 951. "Due to this distinction, the issue is not whether a defendant *used* an ATDS, but whether its equipment had the requisite *capacity*." *Maier v. J.C. Penny Corp.*, No. 13-cv-163-IEG, 2013 WL 3006415, at *2 (S.D. Cal. June 13, 2013) (quotation omitted).

The First Amended Complaint alleges that through an "unsolicited SPAM text message, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an [ATDS] as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A)." (ECF No. 9 at ¶ 37). The First Amended Complaint alleges "Plaintiff did not provide Defendant or its agent prior express consent to receive text messages, including unsolicited text messages, to her cellular telephone...." *Id.* ¶ 41. The First Amended Complaint alleges that Defendant "encourages its current user base to provide Path with an electronically formatted list of people ('friends'), and their telephone numbers, which Path then loads into an 'automatic telephone dialing system,' or 'ATDS'." *Id.* ¶ 23. The First Amended Complaint alleges that this information "is sent sequentially to Path's ATDS, either randomly or sequentially, and that information

[is] used by Path to transmit the unsolicited SPAM text messages to new potential Path users," such as Plaintiff. *Id.* ¶ 24. The First Amended Complaint alleges that, "[b]ased on representations made by Defendant to Plaintiff or her counsel, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Id.* ¶ 38. The First Amended Complaint alleges that Defendant sent substantially similar text messages to "tens of thousands, if not more" other people. *Id.* ¶ 46.

The First Amended Complaint contains greater factual specificity than the complaints in the cases relied upon by Defendant in the Motion to Dismiss. *See, e.g.*, *Daniels v. ComUnity Lending, Inc.*, No. 13-cv-488-WQH, 2014 WL 51275, at *5 (S.D. Cal. Jan. 6, 2014); *Freidman v. Massage Envy Franchising, LCC*, 12-cv-2962-L, 2013 WL 3026641, at *2-*3 (S.D. Cal. June 13, 2013). The Court finds that the First Amended Complaint plausibly alleges facts to support the conclusion that the Defendant made a "call" to Plaintiff's cellular telephone number using an ATDS. 47 U.S.C. § 227(b)(1)(A). The Motion to Dismiss is denied.

**B. Motion for Sanctions**

Rule 11 of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, ... an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(3). When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong analysis to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation omitted). "As shorthand for this test, we use the word 'frivolous' to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quotation omitted).

After review the motion and the submissions of the parties, the Court finds that Defendant has failed to demonstrate that the First Amended Complaint "is legally or factually baseless from an objective perspective," *Christian*, 286 F.3d at 1127, or that sanctions are otherwise warranted pursuant to Rule 11. The Motion for Sanctions is denied.

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 9) is DENIED, and the Motion for Sanctions (ECF No. 12) is DENIED.

DATED: March 18, 2014

**WILLIAM Q. HAYES**
United States District Judge